IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>VINCENT E. ZIRKER ) | Case No. 3:04cr74<br><br>JUDGE HAYNES |

## MEMORANDUM AND ORDER

Before the Court is the Defendant's motion to reconsider the Court's denial of bond pursuant to Fed. R. Civ. P. 59(e). (Docket Entry No. 285). In this motion, Defendant requests release and a certificate of appeal of the Court's denial of bond due to his alleged illegal arrest and identification, misconduct of the prosecuting attorney and defense attorney, and abuse of discretion by the Court.

In prior filings, Defendant filed a motion to reconsider the Court's denial of bond pursuant to Fed. R. Civ. P. 59(e) based upon alleged abuse of discretion by the Court and misconduct by the prosecuting attorney and defense attorney. (Docket Entry No. 273). The Court entered an Order granting Defendant's motion for reconsideration and reaffirming its earlier ruling that Defendant had not shown a justifiable basis for release on bail. (Docket Entry No. 274). Defendant appealed to the Sixth Circuit. (Docket Entry No. 276). By Order dated March 16, 2010, the Sixth Circuit held that this Court's decision was not in error. (Docket Entry No. 281). The Sixth Circuit affirmed the Court's order denying release and denied as moot the motion for bail pending appeal. Id.

Under the law of the case doctrine, findings made in litigation become the law of the case for same issues in subsequent stages of the same litigation. Arizona v. California, 460 U.S. 605, 618 (1983). See also United States v. Moored, 38 F.3d 1419, 1421 (6th Cir. 1994). The law of the case doctrine dictates that issues that have been decided should only be reopened in extraordinary circumstances. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). The

law of the case doctrine applies in criminal cases. See, e.g., United States v. Todd, 920 F.2d 399, 404 (6th Cir. 1990).

Defendant argues that that the arrest was a clearly erroneous decision warranting review. (Docket Entry No. 285, at 6). Yet, Defendant's motion reiterates the same arguments previously advanced. The Court finds no basis to deviate from its prior ruling. Accordingly, Defendant's motion for reconsideration (Docket Entry No. 285) is **DENIED**.

It is so **ORDERED**.

Entered this the ___ day of November, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge